# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADELMO ISIDRO ROSALES VELASQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 17cv1549-CAB-WVG<br><br>**ORDER DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. SECTION 2241** |

On July 31, 2017, Petitioner, a federal prisoner currently incarcerated at D. Ray James C.F. in Folkston, Georgia, proceeding pro se, filed a Petition for a Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. §2241. [Doc. No. 1.] The Petition, which was originally before District Judge Roger T. Benitez, was dismissed for failure to pay the filing fee. [Doc. No. 2.] However, on August 28, 2017, the filing fee was paid and the case was reopened. [Doc. No. 3.] On January 31, 2018, the case was reassigned to the undersigned.

## BACKGROUND

On September 7, 2006, in the United States District Court for the Southern District of Texas, Petitioner pled guilty to one count of re-entry of a deported alien pursuant to 8

U.S.C. §1326(b)(2). [5:06CR01106-001 (the "Texas Action"), Doc. No. 30.][1] On February 16, 2007, the Texas District Court sentenced Petitioner to 63 months of custody and 3 years' supervised release. [The Texas Action, Doc. No. 30 at 2-3.]

On October 15, 2013, prior to the expiration of his supervised release in the Texas Action, Petitioner was arrested near El Centro, California, for attempted reentry of a removed alien pursuant to 8 U.S.C. §1326(a). [Case No. 14cr350-AJB (the "California Action"), Doc. No. 32 at 1.] On May 13, 2014, Petitioner was found guilty. [Doc. No. 31.] On August 6, 2014, Petitioner was sentenced to 63 months of custody and 3 years' supervised release in the California Action. [Doc. No. 39.] According to the Pre-Sentence Report in the California Action, the Texas District Court was made aware of the supervised release violation, but there is no indication the Texas Action was ever transferred to this Court. [Doc. No. 32 at 10.]

Petitioner alleges that the Texas District Court issued a sentence on November 6, 2014, for the supervised release violation. [Doc. No. 1 at 2.] It is clear that it is this sentence by the Texas District Court to which Petitioner objects, as he argues that the sentence for the supervised release violation should have run concurrent with the sentence imposed in the California Action. [Doc. No. 1 at 2, 6.]

DISCUSSION

Federal prisoners have two statutory paths by which they may seek a writ of habeas corpus. "As a general rule," federal inmates may collaterally attack their conviction only under 28 U.S.C. § 2255. *Alaimalo v. United States*, 645 F.3d 1042, 1046 (9th Cir. 2011); *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) (section 2255 provides "the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention").

---

[1] Under Fed.R.Evid. 201, a court may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986).

However, a federal prisoner may also seek a writ under 28 U.S.C. § 2241. That statute permits a prisoner to "challenge the manner, location, or conditions of a sentence's execution" by habeas review. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). A Section 2241 petition must be brought in a federal court in the district in which the inmate is confined; a challenge under Section 2255 must be filed in the court that originally imposed sentence. *Id.*[2]

Here, Petitioner is challenging the sentence for the supervised release violation in the Texas Action, which he believes should have been made concurrent with the sentence in the California Action. Pursuant to *Hernandez*, the challenge to the supervised release violation sentence must be filed in the court that imposed the sentence, the Southern District of Texas. 204 F.3d at 864.

## CONCLUSION

For the reasons set forth above, the Petition is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**.

Dated: February 2, 2018

Hon. Cathy Ann Bencivengo
United States District Judge

---

[2] This Petition does not qualify as an "escape hatch" of Section 2255 that can be brought as a Section 2241 petition, because Petitioner is not claiming actual innocence. *See Alaimalo v. United States*, 645 F.3d 1042, 1046 (9th Cir. 2011). Moreover, even if it did qualify as such, it would need to be filed in the district where Petitioner is incarcerated (Georgia). *Hernandez*, 204 F.3d 861, 864 (9th Cir. 2000).